IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK A. WEBSTER                                                  PLAINTIFF

V.                                      NO. 12-5075

MICHAEL ASTRUE,[1]
Commissioner of the Social Security Administration              DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Mark A. Webster, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the

Social Security Act (Act). In this judicial review, the Court must determine whether there is

substantial evidence in the administrative record to support the Commissioner's decision. See

42 U.S.C. § 405(g).

## I.    Procedural Background:

Plaintiff filed his applications for DIB and SSI on February 10, 2006, alleging an inability

to work since November 2, 1999, due to "Severe kidney problems & history of failure, Chronic

back pain, Chronic urinary infections, Sleeplessness and Chronic fatigue, Anger management

problems, Agorophobia, Obessive [sic] compulsive disorder." (Tr. 105, 113, 557). An

---

[1] Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

AO72A
(Rev. 8/82)

administrative hearing was first held on June 10, 2008, at which Plaintiff appeared with counsel and testified. (Tr. 569-608). On September 18, 2008, the ALJ issued an unfavorable decision (Tr. 7-17), and on January 19, 2010, the matter was remanded by United States Magistrate Judge James R. Marchewski for further development of Plaintiff's residual functional capacity (RFC). Webster v. Astrue, No. 09-5030 (Doc. 11, Jan. 19, 2010).

Another administrative was held on October 20, 2010, at which Plaintiff appeared with counsel and testified. (Tr. 804-843). By written decision dated January 27, 2011, the ALJ found that Plaintiff had an impairment or combination of impairments that were severe - antisocial personality disorder, back disorder, and renal pelvic stones. (Tr. 624). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 625). The ALJ found Plaintiff retained the RFC to:

> lift and carry 20 pounds occasionally and 10 pounds frequently. The claimant can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. The claimant can occasionally climb, balance, stoop, kneel, crouch, and crawl. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks. The claimant can respond appropriately to supervisors, co-workers, and usual work situations, but can have no contact with the general public.

(Tr. 626). With the help of the vocational expert (VE), the ALJ determined that Plaintiff was unable to perform any past relevant work, but that there were other jobs Plaintiff could perform, such as production worker, textile presser, and poultry eviscerator. (Tr. 629-630).

Subsequently, Plaintiff filed this action (Doc. 1). This case is before the undersigned

-2-

pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 8, 9).

## II.      Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3),

AO72A
(Rev. 8/82)

1382(3)(D).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. §416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity (RFC).  See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982);  20 C.F.R. §416.920.

**III.   Discussion:**

The Court notes that in his Memorandum Opinion in Webster v. Astrue, No. 09-5030 (Doc. 11, Jan. 19, 2010), Magistrate Judge Marschewski found that Dr. Robert Redd's Physical RFC Assessment dated April 17, 2006, did not constitute substantial evidence of Plaintiff's RFC, and that remand was necessary to allow the ALJ to develop the record further regarding Plaintiff's RFC. (Doc. 11 at p. 7).  Judge Marschewski also noted that it appeared that Plaintiff's claim for disability was of a specialized nature pertaining to the effect that his kidney disease had upon his ability to work, and that opinions of specialists on issues within their areas of expertise were "generally" entitled to more weight than the opinions of non-specialists.   (Doc. 11 at p. 8).  He further noted that no such specialists' opinions were present in that case.

-4-

Contrary to what this Court believes was the purpose of Magistrate Judge Marschewski's remand, it does not appear that the Defendant obtained a more recent Physical RFC Assessment from Dr. Redd upon remand, after being provided the additional medical records that existed subsequent to his RFC Assessment. In fact, no further Physical RFC Assessments were provided at all after the remand of the case. Nor does it appear that Defendant obtained any opinion from a kidney specialist, who could better determine whether, in light of his substantial history of kidney problems, Plaintiff would be able to function in the workplace.

Accordingly, the Court believes it is necessary to remand this matter to the Defendant in order for him to obtain a Physical RFC Assessment from an examining nephrologist.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

ORDERED this 12th day of June, 2013.


/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)